UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLF CONSTRUCTION CORP.,

    Plaintiff,

v.                                    Case No. 8:17-cv-1932-T-36AAS

FEDCON JOINT VENTURE,
et al.,

    Defendants.
_____/

## ORDER

FEDCON Joint Venture and Western Surety move to compel GLF Construction Corporation to complete the depositions of Mr. Francesco Senis, Mr. Lorenzo Ellis, and Mr. Patrick Bannon. (Doc. 113). GLF opposes the motion to compel for Mr. Senis and Mr. Ellis. (Doc. 118). GLF moves to compel FEDCON to allow the completion of Mr. Ben Nolan's deposition in return for making Mr. Bannon available for more depositions.[1] (*Id.*). FEDCON opposes GLF's motion urging either completing the three witnesses' depositions or closing discovery. (Doc. 125).

The original case management order set the discovery deadline for November 9, 2018. (Doc. 25). The court generously extended the discovery deadline twice. (Doc 46, 52). At the May status conference, the court noted the parties could agree among

---

[1] GLF's moved to compel the completion of Mr. Nolan's deposition within its response to FEDCON's motion to compel. (Doc. 118). The rule requires affirmative relief be made in a separate motion to the court and not in a response to a pending motion. Fed. R. Civ. P. 7(b); *see Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999). Nevertheless, the court's ruling also denies GLF's motion to compel.

1

themselves to continue to take depositions even though the April discovery deadline passed. (Doc. 126, 3:18–25). However, the court explained the parties should not request additional relief from the court "based upon [their] need to take those depositions." (*Id*. at 3:25, 4:1). In other words, the court repeated what the original case management—the terms of which were incorporated by reference in the two subsequent case management orders—already cautioned: "The Court may deny as untimely all motions to compel filed after the discovery deadline." (Doc. 25 at 3).

During the May conference, the court indicated the parties could stipulate to another thirty days from that status conference to complete discovery. (Doc. 126, 6:5–6). The court told the parties if they could not agree to an extended timeframe to take additional discovery, then the parties should file a motion so the court could decide if a further extension of the discovery deadline is warranted. (*Id*. at 6:6–7). The parties then delayed two months before filing the instant motions.

The case is set for a nonjury trial during the court's October trial term, which begins on October 7, 2019. (Doc. 52). The court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Often, the court is flexible with discovery deadlines to allow parties to prepare for trial, but parties are not to abuse this generosity. Here, the parties not only test the court's flexibility, but also seek the court to manage their belated discovery even though they have been cautioned multiple times that parties who proceed with discovery after the court's deadline do so at their own risk. The court's flexibility has

reached its limit, and this discovery dispute is untimely. The twice extended discovery deadline passed months ago, summary judgment motions are fully briefed, and the nonjury trial is less than two months away.

Accordingly, FEDCON and Western Surety's motion to compel to complete the witnesses' depositions is **DENIED**. Also, GLF's motion to compel completion of Mr. Nolan's deposition (imbedded in its response to FEDCON and Western Surety's motion) is **DENIED.**

**ORDERED** in Tampa, Florida, on August 23, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge