UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA for the
use and benefit of GLF CONSTRUCTION
CORPORATION, a Florida profit
corporation,

      Plaintiff,

v.

FEDCON JOINT VENTURE, a Florida
joint venture, DAVID BOLAND, INC., a
Florida profit corporation, JT
CONSTRUCTION ENTERPRISE
CORPORATION, and WESTERN
SURETY COMPANY,

      Defendants.
_____

FEDCON JOINT VENTURE,

      Counter-Plaintiff,

v.

GLF CONSTRUCTION CORPORATION
and FIDELITY AND DEPOSIT
COMPANY OF MARYLAND,

      Counter-Defendants.
_____/

Case No: 8:17-cv-01932-T-36AAS
Consolidated with:
Case No. 8:17-cv-02650-T-36TGW

# O R D E R

This cause comes before the Court upon the Amended Motion to Strike Defendants'

Proposed Findings of Fact and Conclusions of Law as Improper Argument Including Certification

Pursuant to Local Rule 3.01(g) (the "Motion"), filed by GLF Construction Corporation ("GLF")

and Fidelity & Deposit Company of Maryland ("F&D"). Doc. 254. FEDCON Joint Venture, David

Boland, Inc., JT Construction Enterprise Corporation, and Western Surety Company (collectively, "Defendants") responded in opposition, Doc. 255, to which GLF and F&D replied, Doc. 258. Having considered the parties' submissions and being fully advised in the premises, the Court will deny the Motion.

**BACKGROUND**

The Court held a thirteen-day bench trial on these consolidated actions during October and December of 2019. The Court directed the parties to provide oral closing arguments, rather than written closing arguments. On the final day of trial, before closing arguments, Defendants advised the Court of "supplemental authority or additional research we've done upon the evidence as it's come in at trial." Doc. 244 at 8:6–11. The Court decided to address this matter after closing arguments. *Id.* at 8:12–13.

Following closing arguments, the Court advised, "It may be that you can incorporate any updates in your conclusions of law . . . ." *Id.* at 94:18–20. Defendants' counsel stated his belief that Defendants could "incorporate the additional authority that we've covered [which] we believe is quite relevant" into proposed findings of fact and conclusions of law. *Id.* at 95:20–25. Defendants' counsel wanted to ensure that Defendants "wouldn't be bound by only what we cited in our initial brief." *Id.* at 95:24–25, 96:1. The Court replied, "No. You can incorporate that into your proposed findings of fact and conclusions of law to the fact that they are supplemental cases or supplemental authority." *Id.* at 96:2–5. Counsel for GLF and F&D then asked to receive "some notification" of any "supplemental authority" relied upon by Defendants prior to Defendants filing proposed findings of fact and conclusions of law, akin to when GLF and F&D filed a notice of supplemental authority for a then-recently decided case during trial. *Id.* at 96:9–21. According to counsel for GLF and F&D, "that would be helpful" in case "there's anything else then that [he]

2

might have to address from a legal standpoint . . . ." *Id.* at 96:14–17. Defendants' counsel responded that he had no problem with providing counsel for GLF and F&D with any "additional authority" that Defendants relied upon in its proposed findings and conclusions.

After the Court granted the parties an extension of time to file proposed findings of fact and conclusions of law, Doc. 247, the parties did so on May 1, 2020, Docs. 249, 251. Prior to filing their Proposed Findings of Fact and Conclusions of Law, Defendants filed their Notice of Authority, in which they gave "notice of the following authority substantively cited in their proposed Findings of Fact and Conclusions of Law." Doc. 248 at 2. Defendants advised that the cited cases did not constitute "new or supplemental authority, but, given the parties' stipulation at the conclusion of trial, are submitted in an abundance of caution." *Id.* GLF and F&D filed their Notice of New and Supplemental Authority after filing their Proposed Findings of Fact and Conclusions of Law. Doc. 250. Therein, GLF and F&D gave notice of "new and supplemental authority substantively cited in their Proposed Findings of Fact and Conclusions of Law." *Id.* at 1–2. Now, through the Motion, GLF and F&D move the Court to strike the proposed conclusions of law in Defendants' Proposed Finding of Fact and Conclusions of Law. Doc. 254 at 9–10. GLF and F&D contend that they have been prejudiced by Defendants' "complete disregard of the Court's directions as to no written closing arguments and only supplemental cases and supplemental authority being included in a party's proposed Conclusions of Law." *Id.* at 9.

## ANALYSIS

The Motion is due to be denied. At the outset, the Motion lacks a memorandum of law. Indeed, the Motion does not provide any legal authority for the requested relief. The Local Rules require a motion or other application for an order to include a memorandum of legal authority in support of the request. Local R. M.D. Fla. 3.01(a). This deficiency alone warrants denying the

Motion. Next, GLF and F&D's attack on Defendants' provision of legal authority in their Proposed Findings of Fact and Conclusions of Law that was not included in their trial brief is undercut by the recognition that GLF and F&D's Proposed Findings of Fact and Conclusions of Law also provides legal authority not included in their trial brief.

Further, even if the Court assumes that Defendants disregarded certain instructions, the Court is not persuaded that striking proposed conclusions of law is an appropriate form of relief. In the absence of any offered legal standard, the Court looks to Rule 12(f), which governs motions to strike. *See ZSR Patlayici Sanayi A.S. v. Sarac Distribs. LLC*, No. 2:19-cv-864-FtM-39MRM, 2020 WL 1065231, at *4 n.5 (M.D. Fla. Mar. 5, 2020) ("Federal Rule of Civil Procedure 12(f) governs motions to strike. [The movant] does not cite Rule 12(f) or argue entitlement under it, so the request [to strike exhibits attached to the complaint under Federal Rule of Evidence 408] could be denied on this basis alone."). Rule 12(f) provides that a court may "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Pleadings" consist of only: a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third party complaint, and a reply to an answer (if the court orders such reply). Fed. R. Civ. P. 7(a). Numerous courts within the Eleventh Circuit have held that motions to strike filings that do not constitute pleadings, as defined by Rule 7(a), are improper. *See, e.g.*, *Jallali v. Am. Osteopathic Ass'n*, No. 11-60604-CIV, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2001); *Croom v. Balkwall*, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009); *Inter-Tel, Inc. v. W. Coast Aircraft Eng'g, Inc.*, No. 8:04-cv-2224-T-17MSS, 2005 WL 2431267, at *2 (M.D. Fla. Oct. 3, 2005). GLF and F&D concede in their reply that they could have labeled the Motion as a motion for contempt, motion for sanctions, or another type of motion. Doc. 258 at 3.

Significantly, the purpose of *proposed* findings of fact and conclusions of law is to provide the Court with findings and conclusions to fashion its own findings and conclusions. The Court is not limited to those cases cited by the parties in conducting its research, but may cite to any authority it deems appropriate. The Court understands that GLF and F&D contend that Defendants cite additional cases "to make new and different arguments" from those arguments that Defendants presented during their closing arguments. Doc. 254 at 6. However, the Court has the ability to parse and analyze any argument, review the record, and determine the applicability of authorities and arguments. Therefore, based on the foregoing reasons, the Motion will be denied.

Accordingly it is **ORDERED**:

1. The Amended Motion to Strike Defendants' Proposed Findings of Fact and Conclusions of Law as Improper Argument Including Certification Pursuant to Local Rule 3.01(g), Doc. 254, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 28, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

5