UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**
for the use and benefit of **GLF CONSTRUCTION CORP.**,

    Plaintiff,

v.                                           Case No.: 8:17-cv-1932-CEH-AAS

**FEDCON JOINT VENTURE,**
**DAVID BOLAND, INC., JT**
**CONSTRUCTION ENTERPRISE**
**CORPORATION, and WESTERN**
**SURETY COMPANY,**

    Defendants.
_____/

# ORDER

GLF Construction Corporation (GLF) requests an award of reasonable attorney's fees and costs incurred following a judgment in its favor and moves for prejudgement interest. (Docs. 264, 265, 266). The defendants, FEDCON Joint Venture (FEDCON), David Boland, Inc., JT Construction Enterprise Corporation, and Western Surety Company, oppose the motions. (Docs. 277, 278, 279).

The defendants ask the court to defer ruling on all of GLF's motions until the court addresses the defendants' Motion for Amended or Additional Findings, or in the alternative, a New Trial (Doc. 272) and the defendants'

1

appeal to the Eleventh Circuit of the judgment (Doc. 274). (Doc. 276). GLF opposes the defendants' request for deferral. (Doc. 289).

I.  **BACKGROUND**

In two cases, GLF sued the defendants for two projects but brought the same three claims: (1) Miller Act Payment Bond; (2) breach of contract; and (3) unjust enrichment. (*See* Doc. 1, Case No. 8:17-cv-2650-CEH-TGW; Doc. 1, Case No. 8:17-cv-1932-CEH-AAS). FEDCON counterclaimed against GLF and Fidelity and Deposit Company of Maryland. (*See* Doc. 66, Case No. 8:17-cv-2650-CEH-TGW; Doc. 13, Case No. 8:17-cv-1932-CEH-AAS). The court consolidated the two cases. (Doc. 76, Case No. 8:17-cv-2650-CEH-TGW; Doc. 45, Case No. 8:17-cv-1932-CEH-AAS). In October and December 2019, the court held a thirteen-day bench trial. (*See* Docs. 182, 187–89, 194, 197–98, 200, 209–10, 212–14).

On January 28, 2021, the court entered its opinion from the bench trial. (Doc. 262). The January 28, 2021 opinion found GLF was entitled to judgment in its favor for two breach of contract claims, but not on its remaining claims. (*Id.* at pp. 190–91). And FEDCON did not prevail on its counterclaims. (*Id.* at p. 191). The Clerk entered judgment in favor of GLF. (Doc. 263). The defendants moved for amended or additional findings, or in the alternative, a

new trial. (Doc. 272). The defendants appealed the opinion and judgment.[1] (Doc. 274).

GLF moves for prejudgment interest, attorney's fees, and costs. (Docs. 264, 265, 266). The defendants oppose GLF's requests. (Docs. 277, 278, 279). The defendants ask the court to defer ruling until the court addresses the motion for amended findings/new trial and the appeal to the Eleventh Circuit is resolved. (Doc. 276). GLF opposes the request to defer ruling on its pending motions. (Doc. 289).

## II. ANALYSIS

Filing a notice of appeal generally divests a district court of jurisdiction on any matters involved in the appeal. *Shivers v. Hill*, 205 F. App'x 788, 789 (11th Cir. 2006). But the court has discretion to entertain motions for attorney's fees and costs, defer ruling, or deny the motions without prejudice to refile after the appeal. *See* Fed. R. Civ. P. 54(d)(2) advisory committee's note ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). Courts in this district have exercised discretion to

---

[1] The Eleventh Circuit stayed the appeal pending the resolution of the defendants' motion for new trial. (*See* Doc. 288).

defer ruling on motions for attorney's fees and costs. *See Fin. Info. Tech., LLC v. Icontrol Sys., USA, LLC*, No. 8:17-cv-190-T-23SPF, 2020 WL 7074360, at *1 (M.D. Fla. Dec. 3, 2020); *Elver v. Whidden*, No. 2:18-cv-102-FtM-29CM, 2019 WL 718536, at *1 (M.D. Fla. Feb. 20, 2019); *Apple Glen Investors, L.P. v. Express Scripts, Inc.*, No. 8:14-cv-1527-T-33EAJ, 2016 WL 1546524, at *1 (M.D. Fla. Apr. 15, 2016); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-cv-39-FtM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014); *Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC*, No. 8:12-cv-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013).

Courts have cited concerns such as having to repeat the attorney's fees and costs procedure following appeal, the desire to avoid piecemeal adjudication, that resolution is unlikely to assist the Eleventh Circuit, and that attorney's fees and costs issues are often resolved during appellate mediation. *See Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016); *Britt Green Trucking, Inc. v. FedEx Nat'l LTL, Inc.*, No. 8:09-cv-445-T-33TBM, 2012 WL 12951321, at *1 (M.D. Fla. Jan. 26, 2012).

GLF requests that if the court grants the deferral, that the court handle GLF's request for the taxation of costs and the prejudgment interest. Like attorney's fees, the court has exercised discretion to deny requests for costs and will do so here. As GLF noted, the defendants cited no case law to support the

4

deferral of the prejudgment interest. But in the interests of judicial economy, GLF's motion for prejudgment interest should be deferred because although calculating prejudgment interest is a "ministerial task," one argument by the defendants in their motion for amended findings involves reducing GLF's damages signficantly. *See Apple Glen Investors, L.P. v. Express Scripts, Inc.*, No. 8:14-cv-1527-T-33EAJ, 2016 WL 4702428, at *1 (M.D. Fla. Sept. 8, 2016). This could significantly impact the calculation of the prejudgment interest.

Given the pending motion for amended or additional findings, or in the alternative, a new trial and appeal to the Eleventh Circuit, the court exercises its discretion to deny the motions for attorney's fees, costs, and prejudgment interest without prejudice and allow the parties to refile after the appeal has been resolved.

### III. CONCLUSION

Thus, the following is **ORDERED:**

1. The defendants' Motion to Defer Ruling on Pending Motions for Attorney's Fees, Costs, and Prejudgement Interest (Doc. 276) is **GRANTED.**

2. GLF's Motion for Attorney's Fees and Costs and Motion for Prejudgment Interest (Docs. 265, 266) are **DENIED WITHOUT PREJUDICE** to refile within thirty days after entry of a mandate

by the Eleventh Circuit.[2]

3. Because the court defers ruling on GLF's motions for attorney's fees, costs, and prejudgment interest, no reply is needed. Thus, GLF's Motions for Leave to Reply to the defendants' responses to GLF's Motion for Attorney's Fees and Costs and Motion for Prejudgment Interest, and to the defendants' objection to GLF's Bill of Costs (Docs. 290, 291, 292) are **DENIED as moot.**

**ENTERED** in Tampa, Florida on March 30, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] Any motions filed must follow the Middle District of Local Rules and on February 1, 2021, revisions to the Middle District of Florida's Local Rules took effect. *See Local Rules*, https://www.flmd.uscourts.gov/local-rules.