UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
for the use and benefit of GLF
CONSTRUCTION CORP.,

    Plaintiff,

v.                              Case No.: 8:17-cv-1932-CEH-AAS

FEDCON JOINT VENTURE,
DAVID BOLAND, INC., JT
CONSTRUCTION ENTERPRISE
CORPORATION, and WESTERN
SURETY COMPANY,

    Defendants.
_____/

## ORDER

GLF Construction Corporation (GLF) moves for reconsideration of the undersigned's March 30, 2021 order that deferred ruling on GLF's request for prejudgment interest. (Doc. 296). The defendants, FEDCON Joint Venture (FEDCON), David Boland, Inc., JT Construction Enterprise Corporation, and Western Surety Company, oppose GLF's request. (Doc. 297).

## I. BACKGROUND

In two cases, GLF sued the defendants for two projects but brought the same three claims: (1) Miller Act Payment Bond; (2) breach of contract; and (3) unjust enrichment. (*See* Doc. 1, Case No. 8:17-cv-2650-CEH-TGW; Doc. 1, Case

1

No. 8:17-cv-1932-CEH-AAS). FEDCON counterclaimed against GLF and Fidelity and Deposit Company of Maryland. (*See* Doc. 66, Case No. 8:17-cv-2650-CEH-TGW; Doc. 13, Case No. 8:17-cv-1932-CEH-AAS). The court consolidated the two cases. (Doc. 76, Case No. 8:17-cv-2650-CEH-TGW; Doc. 45, Case No. 8:17-cv-1932-CEH-AAS). In October and December 2019, the court held a thirteen-day bench trial. (*See* Docs. 182, 187–89, 194, 197–98, 200, 209–10, 212–14).

On January 28, 2021, the court entered its opinion from the bench trial. (Doc. 262). The January 28, 2021 opinion concluded GLF was entitled to judgment in its favor for two breach of contract claims, but not on its remaining claims. (*Id.* at pp. 190–91). And FEDCON did not prevail on its counterclaims. (*Id.* at p. 191). The Clerk entered judgment in favor of GLF. (Doc. 263). The defendants moved for amended or additional findings, or in the alternative, a new trial. (Doc. 272). The defendants appealed the opinion and judgment.[1] (Doc. 274).

GLF moved for prejudgment interest, attorney's fees, and costs (Docs. 264, 265, 266), but the defendants asked the court to defer ruling until the court addresses the motion for amended findings/new trial and the appeal to

---

[1] The Eleventh Circuit stayed the appeal pending the resolution of the defendants' motion for new trial. (*See* Doc. 288).

the Eleventh Circuit is resolved (Doc. 276). A March 30, 2021 order granted the defendants' motion to defer ruling until the defendants' pending motion for amended or additional findings, or in the alternative, a new trial and appeal to the Eleventh Circuit was resolved. (Doc. 294).

GLF now moves for reconsideration of the March 30, 2021 order, specifically the deferred ruling on prejudgment interest. (Doc. 296). GLF asks the court to reverse its ruling and amend the judgment to include prejudgment interest. (*Id.* at p. 9). Consistent with Federal Rule of Civil Procedure 72(a), GLF also objected to the March 30, 2021 order. (Doc. 295). The defendants oppose both the motion for reconsideration and the objection. (Doc. 297).

## II. ANALYSIS

District courts have "inherent authority to revise interlocutory orders before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties in a case." *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009). The following limited circumstances prompt reconsideration of a court order: (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); *True v. Comm'r of the I.R.S.*, 108 F. Supp. 2d 1361, 1365, (M.D. Fla. 2000).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id.* (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Id.* (internal quotations omitted).

GLF does not argue an intervening change of controlling law or new evidence warrants reconsideration of the March 30th order. Instead, GLF argues the court deferring ruling on prejudgment interest is clear error. (Doc. 296, p. 6). Specifically, GLF argues the deferral risks both the finality of the judgment and appellate subject matter jurisdiction over this case.[2] (*Id.*).

GLF tries to show that the court has committed clear error by providing case law where the Eleventh Circuit dismissed appeals lacking final orders because of issues with prejudgment interest. (*Id.* at pp. 7–9). However, the cases provided by GLF show that the Eleventh Circuit dismissed cases when the lower court found entitlement to prejudgment interest but did not

---

[2] GLF relies on arguments that it could have made in its original response to the defendants' motion to defer ruling. GLF's motion could be denied on this ground alone. *See McGuire*, 497 F. Supp. 2d at 1358.

determine the proper calculation method, which needs to include the judgment amount subject to interest, the identified interest rates, and the set date from which interest began accruing. Here, the March 30th order defers determining whether GLF is entitled to prejudgment interest, and does not even get to the proper calculation method.[3] (*See* Doc. 294). GLF does not present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358. Thus, GLF's motion fails to meet the stringent standard for reconsideration.

Again, of note, GLF has timely contested the undersigned's order by way of an objection before Judge Honeywell. The process outlined in Rule 72(a), and not a motion for recosideration with its requisite standard, appears to be the better way for GLF to be heard on its arguments against the March 30th order.

### III. CONCLUSION

Because there is no clear error, GLF's Motion to Reconsider Order Deferring Ruling on Prejudgment Interest (Doc. 296) is **DENIED.**

**ORDERED** in Tampa, Florida on May 25, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[3] The March 30th order also does not address the judgment amount subject to interest, the interest rate, or the date when interest began accruing.