UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
for the use and benefit of GLF
CONSTRUCTION CORP.,

    Plaintiff,

v.                                Case No.: 8:17-cv-1932-CEH-AAS

FEDCON JOINT VENTURE,
DAVID BOLAND, INC., JT
CONSTRUCTION ENTERPRISE
CORPORATION, and WESTERN
SURETY COMPANY,

    Defendants.
_____/

## REPORT & RECOMMENDATION

GLF Construction Corporation (GLF) moves for an award of prejudgment interest. (Doc. 265). The defendants, FEDCON Joint Venture, David Boland, Inc., and JT Construction Enterprise Corporation (collectively, FEDCON) oppose GLF's request. (Doc. 278). GLF replied to FEDCON's opposition brief. (Doc. 315). This report **RECOMMENDS** GLF's motion be **GRANTED**.

### I. BACKGROUND

In twin cases, GLF sued FEDCON over contractual disputes involving

construction projects for the repair of levees built between the cities of Oak Point, Louisiana and Augusta, Louisiana (the 2.2 Project) and the cities of Augusta, Louisiana and Oakville, Louisiana (the 1.2a Project). GLF brought three claims for each project: (1) Miller Act Payment Bond; (2) breach of contract; and (3) unjust enrichment. (*See* Doc. 1, Case No. 8:17-cv-2650-CEH-TGW; Doc. 1, Case No. 8:17-cv-1932-CEH-AAS). FEDCON counterclaimed against GLF and Fidelity and Deposit Company of Maryland. (*See* Doc. 66, Case No. 8:17-cv-2650-CEH-TGW; Doc. 13, Case No. 8:17-cv-1932-CEH-AAS). The court consolidated the two cases. (Doc. 76, Case No. 8:17-cv-2650-CEH-TGW; Doc. 45, Case No. 8:17-cv-1932-CEH-AAS). The court held a thirteen-day bench trial. (*See* Docs. 182, 187–89, 194, 197–98, 200, 209–10, 212–14).

On January 28, 2021, the court entered its Opinion and Order from the bench trial. (Doc. 262). The Opinion and Order concluded GLF was entitled to judgment in its favor for Count II (breach of contract) in both cases, but not Count I (Miller Act) or Count III (unjust enrichment) in both cases. (*Id.* at pp. 190–91). The court further concluded FEDCON did not prevail on its counterclaims. (*Id.* at p. 191). The Clerk entered judgment in favor of GLF. (Doc. 263). FEDCON moved for amended or additional findings, or in the alternative, a new trial. (Doc. 272). FEDCON appealed the opinion and judgment. (Doc. 274).

GLF moved for prejudgment interest, attorney's fees, and costs (Docs. 264, 265, 266), but FEDCON asked the court to defer ruling until the court addresses the motion for amended findings/new trial and the appeal to the Eleventh Circuit is resolved. (Doc. 276). A March 30, 2021 order granted FEDCON's motion to defer ruling until FEDCON's pending motion for amended or additional findings, or in the alternative, a new trial and appeal to the Eleventh Circuit was resolved. (Doc. 294). The court denied the FEDCON's motion for a new trial on June 14, 2021. (Doc. 302). FEDCON filed an amended notice of appeal to the Eleventh Circuit on July 6, 2021. (Doc. 308). The Eleventh Circuit remanded the appeal for the limited purposes of adjudicating GLF's entitlement to prejudgment interest. (Doc. 312, p. 2). *See* Fed. R. App. P. 4(a)(4)(B)(i).

GLF contends it is entitled to prejudgment interest under Florida law as the prevailing party. (Doc. 265). FEDCON opposes this motion (Doc. 278) and GLF replies to FEDCON's opposition. (Doc. 315).

## II. LEGAL STANDARD

A postjudgment motion for discretionary prejudgment interest "constitutes a motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e)." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). Evaluation of a motion for prejudgment interest therefore "involves

3

the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply," even "where a party is entitled to prejudgment interest as a matter of right." *Id.* at 176; 176 n. 3. Courts in this circuit hearing claims under this court's supplemental jurisdiction follow state law governing prejudgment interest. *Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith*, 595 F. Supp. 171, 174 (M.D. Fla. 1984), *aff'd sub nom. Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 767 F.2d 1498 (11th Cir. 1985). *See also* (Doc. 262, p. 144) (noting "Florida law governs whether FEDCON materially breached the subcontract agreements").

"Florida law has long held that a successful plaintiff must be able to recover the total amount of the pecuniary loss that has been suffered." *Becker Holding Corp. v. Becker*, 78 F.3d 514, 516 (11th Cir. 1996). "Thus, a successful plaintiff is entitled not only to the amount lost, but also to interest on the amount lost in order to compensate the plaintiff for having been deprived of the use of the principal loss amount." *Id.* "The computation of prejudgment interest is 'a mathematical computation' and 'a purely ministerial duty.'" *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (*citing Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). This computation is non-discretionary and findings of fact are

not required. *Id.*

"Generally, interest awarded as damages in a contract action runs from the date when the right to recover on the claim became vested or accrued, which is ordinarily the date of the breach." *Craigside, LLC v. GDC View, LLC*, 74 So. 3d 1087, 1092 (Fla. 1st DCA 2011). "When the contracts do not specify an interest rate, as here, the applicable interest rate is that set by the Florida Chief Financial Officer."[1] *Ryder Truck Rental, Inc. v. Maalt, LP*, No. 15-cv-3325-N, 2017 WL 9806934, at *4 (N.D. Tex. December 13, 2017) (*citing* FLA. STAT. §§ 687.01, 55.03). The applicable interest rate adjusts annually from the date of loss to the date the judgment is obtained. *Cohen v. Burlington Inc.*, No. 9:18-cv-81420-BB, 2009 WL 1585100, at *4 (S.D. Fla. April 12, 2019). This rate is "calculated using simple interest." *Kendall Healthcare Group, Ltd. V. Madrigal*, 271 So. 3d 1120, 1123 (Fla. 3d DCA 2019).

**III. ANALYSIS**

FEDCON as a threshold matter argues GLF is not entitled to prejudgment interest because GLF failed to demonstrate an established date of loss. (Doc. 278, p. 14). FEDCON claims GLF's damages were unliquidated

---

[1] *See* https://www.myfloridacfo.com/Division/AA/LocalGovernments/Historical.htm (last visited December 29, 2021).

5

and, as a result, prejudgment interest is inappropriate because the court did not establish a date of loss in liquidating GLF's damages. *Id.*

Prejudgment interest under Florida law is warranted in cases where verdicts "liquidate[] a claim as to a date certain." *SEB S.A. v. Sunbeam Corp.*, 148 Fed. Appx. 774, 793 (11th Cir. 2005). "[A] verdict has the effect of liquidating damages as long as the verdict establishes the loss and 'the pertinent date [of loss] can be ascertained from the evidence.'" *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-VMC-CPT, 2020 WL 9597125, at *10 (M.D. Fla. June 4, 2020) (*citing Pace Property Fin. Auth., Inc. v. Jones*, 24 So. 3d 1271, 1272 (Fla. 1st DCA 2009)). "If the date of a plaintiff's loss 'cannot be ascertained with precision, the court should select. . . the earliest date by which the evidence shows the loss must have been sustained.'" *Id.* (*citing Ariz. Chem. Co., LLC v. Mohawk Indus., Inc.*, 197 So. 3d 99, 106 (Fla. 1st DCA 2016)).

Of GLF's six counts and ten damages claims, the court ruled in favor of GLF on two breach of contract counts and five damages claims. (Doc. 262, p. 189). The court concluded GLF suffered damages of: (1) $330,145.99 for issues arising from FEDCON's improper substitution of certain construction materials on the 2.2 Project (*Id.* at 164); (2) $614,487.74 for the 1.2a Project for failure to provide access roads to the respective construction projects (*Id.*

at 157); (3) $768,591.49 for the 2.2 Project for failure to provide access roads to the respective construction projects (*Id.*); (4) $111,953.47 for added costs to the 1.2a and 2.2 Projects because of the lack of access roads (*Id.* at 167); and (5) $1,273,988.93 for improperly terminating the 2.2 Project's subcontractor agreement by failing to perform certain predecessor work activities. (*Id.* at 178). In sum, the court granted GLF $2,416,798.71 in damages for FEDCON's breach of the 2.2 Project contract and $614.487.14 in damages for FEDCON's breach for the 1.2a Project contract. (*Id.*).

Because portions of GLF's damages involved compensation for project management and supervision for the 1.2a and 2.2 Projects, GLF offered reductions for its claims of $67,974.19 and $6,506.25 to account for factual ambiguities in how many hours project managers spent overseeing the 1.2a and 2.2 Projects. (*Id.* at 189). Because the damages in this matter could not be "precisely and mathematically determined," the court accepted these reductions, exercised reasonable discretion in dividing the reduction sum in half (because the court ruled in favor of GLF on half of its damages claims), and reduced GLF's recovery for the 1.2a project by $33,987.09. (*Id.* at 190) (*citing John Hancock Mut. Life Ins. Co. v. Mark-A, Inc.*, 324 So. 2d 674, 674 (Fla. 2d DCA 1975)).

This report concludes GLF's damages were sufficiently liquidated to

warrant prejudgment interest in this matter. *See Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 46 (Fla. 2010) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214 (Fla. 1985) and reaffirming "neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest"); (Doc. 278, p. 14) (wherein FEDCON concedes the court's "decision liquidated GLF's damages" but argues the decision did not do so as a of a date certain). The court established a sufficiently ascertainable date of loss for each damages claim. The court found GLF's losses relating to the improper substitution of construction materials were halted on September 25, 2014, when FEDCON removed the materials from the 2.2 Project site. (Doc. 262, p. 16). The court determined the contract for the 2.2 Project was terminated on May 27, 2016, establishing an accrual date for both GLF's improper termination claim and access roads claim regarding the 2.2 Project. (*Id.* at 176). The court ruled GLF's damages from added costs incurred due to the lack of access roads "span[ned] from April 26, 2015 through July 11, 2015." (*Id.* at 167). Finally, the court found GLF completed work on the 1.2a Project in October of 2016.² (*Id.* at 37). GLF has therefore provided sufficient evidence to warrant prejudgment interest, absent

---

² At trial, Lorenzo Ellis, project manager for GLF, testified at trial work concluded on the 1.2a Project "in the end of September, beginning of October of 2016." (Doc. 241 at 62:2–25).

adjustment from any valid equitable considerations.

Equitable considerations may require an adjustment of a prejudgment interest award. *Broward County v. Finlayson*, 555 So. 2d 1211, 1213 (Fla. 1990). Florida courts generally examine these three equitable considerations when deciding an award of prejudgment interest: "(1) in matters concerning government entities, whether it would be equitable to put the burden of paying interest on the public in choosing between innocent victims; (2) whether it is equitable to allow an award of prejudgment interest when the delay between injury and judgment is the fault of the prevailing party; (3) whether it is equitable to award prejudgment interest to a party who could have, but failed to, mitigate its damages." *Wiand v. Lee*, 753 F.3d 1194, 1204 (11th Cir. 2014) (*citing Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1298 (11th Cir. 2002)). FEDCON argues two equitable considerations warrant reducing GLF's prejudgment interest entirely: (1) "GLF lost on the majority of its claims at trial;" and (2) GLF was required to

reduce its claimed damages at the conclusion of trial.[3]

FEDCON's proposed equitable considerations do not comport with those previously approved by the Eleventh Circuit. "The general rule is that prejudgment interest is an *element* of pecuniary damages." *Wiand*, 753 F.3d at 1205. Prejudgment interest is therefore included in the normal course of calculating damages just as any other form of compensatory damages. GLF was awarded nearly three million dollars in damages for its breach of contract claims. (Doc. 263). The fact that GLF did not succeed on every claim and the court awarded less damages than GLF claimed has no bearing on whether GLF should get prejudgment interest for the damages it was awarded for the claims on which GLF succeeded. FEDCON provides no Florida case law supporting a lowering of prejudgment interest on these bases and the undersigned has not independently found any.

Additionally, none of the three equitable considerations typically examined by Florida courts apply in this matter. Granting prejudgment

---

[3] FEDCON states as another equitable consideration that "the imposition of prejudgment interest here would be akin to an unjust penalty." FEDCON argues GLF should at most receive the difference between the prejudgment interest from GLF's claimed damages and the prejudgment interest from GLF's awarded damages. FEDCON's claim that the partial reduction of GLF's damages at the conclusion of trial warrants a concurrent reduction or elimination in the prejudgment interest granted to GLF is effectively a reiteration of FEDCON's second consideration.

interest here involves no weighing of "whether it would be equitable to put the burden of paying interest on the public in choosing between innocent victims." *Wiand*, 753 F.3d at 1204. FEDCON has not provided evidence to suggest GLF failed to mitigate its damages or caused "delay between injury and judgment [was] the fault." *Id*. Therefore, this report concludes no equitable considerations warrant adjusting prejudgment interest in this matter.

### III.  CONCLUSION

This report **RECOMMENDS** GLF's Motion for Prejudgment Interest (Doc. 265) be **GRANTED**. GLF should be awarded prejudgment interest in the amount of $825,730.32.

**ENTERED** in Tampa, Florida on December 29, 2021.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.