# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA for
the use and benefit of GLF
CONSTRUCTION
CORPORATION, a Florida profit
corporation,

      Plaintiff,

v.

FEDCON JOINT VENTURE, a
Florida joint venture, DAVID
BOLAND, INC., a Florida profit
corporation, JT CONSTRUCTION
ENTERPRISES CORPORATION,
and WESTERN SURETY
COMPANY,

      Defendants.
_____

FEDCON JOINT VENTURE,

      Counter-Plaintiff,

v.

GLF CONSTRUCTION
CORPORATION
and FIDELITY AND DEPOSIT
COMPANY OF MARYLAND,

      Counter-Defendants.
_____/

Case No: 8:17-cv-01932-CEH-AAS
Consolidated with:
Case No. 8:17-cv-02650-CEH-TGW

**O R D E R**

This cause comes before the Court upon the Report and Recommendation of Magistrate Judge Amanda Arnold Sansone (Doc. 316). In the R&R, Magistrate Judge Sansone recommends that the Court grant GLF Construction Corporation's Motion for Prejudgment Interest and award GLF prejudgment interest in the amount of $825,730.32. Doc. 316 at 11.

All parties received copies of the R&R, and the Court afforded the parties an opportunity to object in accordance with 28 U.S.C. § 636(b)(1). FEDCON Joint Venture, David Boland, Inc., and JT Construction Enterprises Corporation (collectively, "FEDCON") timely object (Doc. 321), to which GLF responds (Doc. 324). Upon consideration of the R&R, FEDCON's objections, GLF's response, and the Court's independent examination of the file, the Court will sustain FEDCON's objections in part and otherwise adopt the R&R.

## I.   BACKGROUND

Following a thirteen-day bench trial, the Court issued an opinion and order outlining its findings of fact and conclusions of law (Doc. 262). The Court concluded that GLF was entitled to judgment in its favor on its breach-of-contract claim (Count II) in Case No. 8:17-cv-1932-T-36AAS in the amount of $577,246.93 and that GLF was entitled to judgment in its favor on its breach-of-contract claim (Count II) in Case No. 8:17-cv-2650-T-36TGW in the amount of $2,416,798.71. Doc. 262 at 190–91. GLF took nothing on its remaining claims in both cases. *Id.* The Court also concluded that FEDCON did not prevail on its counterclaims in both cases. *Id.* at 191. The Clerk

2

entered judgment accordingly (Doc. 263). FEDCON and GLF appealed (Docs. 274, 283).

Before FEDCON and GLF appealed, GLF moved for prejudgment interest (Doc. 265), which FEDCON opposed (Doc. 272). FEDCON also asked the Court to defer ruling on GLF's request for prejudgment interest pending the Court's ruling on FEDCON's Motion for Amended or Additional Findings or, in the Alternative, for New Trial (Doc. 272) and the Eleventh Circuit's resolution of FEDCON's appeal. Doc. 276 at 5, 8–11.

Granting FEDCON's request to defer, a March 30, 2021 order of the Magistrate Judge denied, without prejudice, GLF's Motion for Prejudgment Interest, to GLF's right to refile that motion within 30 days after the Eleventh Circuit's entry of a mandate. Doc. 294 at 5–6. GLF objected to that order (Doc. 295). The Court held oral argument on GLF's objection and FEDCON's Motion for Amended or Additional Findings or, in the Alternative, for New Trial. Doc. 301 at 1. A June 30, 2021 order denied FEDCON's Motion for Amended or Additional Findings or, in the Alternative, for New Trial, Doc. 305 at 8, and a July 2, 2021 order overruled GLF's objection to the Magistrate Judge's March 30, 2021 order and affirmed the Magistrate Judge's decision to defer ruling, Doc. 307 at 3–4.

The Eleventh Circuit remanded the appeal, reasoning that the parties' notices of appeal will not be effective until the Court disposes of GLF's Motion for Prejudgment Interest because that motion qualifies as a Federal Rule of Appellate Procedure 4(a)(4) motion. Doc. 312 at 3. The Eleventh Circuit indicated that a

decision to defer ruling on a timely Rule 4(a)(4) motion does not dispose of that motion. *Id.* In remanding, the Eleventh Circuit explained that the remand is limited to addressing GLF's Motion for Prejudgment Interest. *Id.* The Eleventh Circuit instructed the Court to return the record, as supplemented, to the Eleventh Circuit following the Court's resolution of GLF's Motion for Prejudgment Interest. *Id.* In accordance with the Eleventh Circuit's instructions on remand, the Court directed the Clerk to reactivate GLF's Motion for Prejudgment Interest. Doc. 313 at 3. With the Magistrate Judge's leave (Doc. 314), GLF filed a reply (Doc. 315).

In the R&R, the Magistrate Judge recommends that the Court grant GLF's Motion for Prejudgment Interest and award GLF prejudgment interest in the amount of $825,730.32. Doc. 316 at 11. FEDCON now objects to the R&R (Doc. 321), to which GLF responds (Doc. 324).

## II.   LEGAL STANDARD

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S.*

4

*Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## III.   DISCUSSION

FEDCON objects to the R&R, generally arguing that: (1) the Magistrate Judge errs in concluding that GLF is entitled to prejudgment interest; and (2) the Magistrate Judge errs in concluding that GLF established dates of loss. Doc. 321 at 5–12. In response, GLF generally contends that: (1) the Magistrate Judge correctly concludes that it is entitled to prejudgment interest; and (2) the Magistrate Judge correctly concludes that the Court established dates of loss for GLF's claims, that GLF's damages have been liquidated since those dates, and that GLF is entitled to prejudgment interest accruing from those dates. Doc. 324 at 4–19. For the following reasons, the Court will sustain-in-part and overrule-in-part FEDCON's objections.

"[A] post judgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). A motion for prejudgment interest "involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply," including "where prejudgment interest is available as a matter of right." *Id.* at 176, 176 n.3.

State law governs GLF's entitlement to prejudgment interest. *See Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996) ("Whether a successful claimant is entitled to prejudgment interest is a question of state law."); *Wiand v. Lee*, 753 F.3d 1194, 1204 (11th Cir. 2014) (explaining that Florida law on prejudgment

interest applied where the district court exercised supplemental jurisdiction over the receiver's FUFTA claim). As such, the Court must look to Florida law.

Under Florida law, "prejudgment interest is merely another element of pecuniary damages." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214 (Fla. 1985). "[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Id.* at 215; *see Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1297 (11th Cir. 2002) (noting the "general rule in contract cases" under Florida law "is that the prevailing party receives prejudgment interest on its award"). "Once a verdict has liquidated the damages as of a certain date, computation of prejudgment interest is merely a mathematical computation." *Argonaut*, 474 So. 2d at 215. In other words, "add[ing] the appropriate amount of interest to the principal amount of damages awarded in the verdict" is a "ministerial duty." *Id.* If a date of loss "cannot be ascertained with precision, the court should select . . . the earliest date by which the evidence shows the loss must have been sustained." *Ariz. Chem. Co., LLC v. Mohawk Indus., Inc.*, 197 So. 3d 99, 106 (Fla. 1st DCA 2016).

### A. Application of Equitable Factors

FEDCON first argues that the Magistrate Judge errs in failing to "properly apply . . . two applicable equitable considerations." Doc. 321 at 5–6. The rule that prejudgment interest serves as an element of pecuniary damages is not absolute— "[i]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its

exaction would be inequitable." *Wiand*, 753 F.3d at 1204 (internal quotation marks omitted). Three factors should guide a court's discretion in determining whether to award prejudgment interest on equitable grounds: "(1) in matters concerning government entities, whether it would be equitable to put the burden of paying interest on the public in choosing between innocent victims; (2) whether it is equitable to allow an award of prejudgment interest when the delay between injury and judgment is the fault of the prevailing party; (3) whether it is equitable to award prejudgment interest to a party who could have, but failed to, mitigate its damages." *Id.*

Focusing on the second equitable factor, FEDCON argues that the Magistrate Judge errs because the "evidence at trial established that GLF's conduct caused or at least contributed to the delay between injury and judgment." Doc. 321 at 6. FEDCON asserts that GLF did not submit its equitable claims for the projects until April of 2016. *Id.* But, as GLF highlights, FEDCON does not point to any evidence demonstrating that "GLF's conduct" or its submission of its equitable claims caused delay between any injury and entry of judgment. Doc. 324 at 6–7. As such, the Court will overrule this objection. Relatedly, FEDCON also argues that the Magistrate Judge errs because GLF's "inflated demand for damages delayed any recovery." Doc. 321 at 6. In support, FEDCON argues that "GLF was required to resubmit its claims at lower rates before the Court considered the parties' post-trial submissions." *Id.* But the only portion of the record to which FEDCON cites for this inflated-damages argument is a paragraph in the Opinion and Order, *id.* at 6 n.3, in which the Court, in setting forth its factual findings, explained that it advised at the conclusion of the trial that it would

7

utilize the EP 1110 rates, rather than the Blue Book rates, Doc. 262 at 18. That finding cited to the trial transcript, in which the Court simply advised the parties it would use the EP 1110 rates so that they could utilize that information when they returned to mediation. Doc. 244 at 91:14–25, 92:1–4. FEDCON provides no evidentiary support for its proposition that GLF's use of Blue Book rates delayed the entry of the judgment. As such, the Court will overrule this objection, too.

Focusing on the third equitable factor, FEDCON argues that the Magistrate Judge errs because the "evidence at trial further established that GLF could have, but failed to, mitigate its damages" by "not following the contractual application of rates which would have quickly resolved the parties' dispute." Doc. 321 at 7. According to FEDCON, "a proper submittal would have eliminated GLF's inflated demands and allowed the parties to proceed in good faith to resolve the remaining disputes at proper contractual rates." *Id.* However, once again, FEDCON's argument lacks any accompanying evidentiary support. As such, the Court will overrule this objection. Having overruled FEDCON's objections concerning equitable considerations,[1] the Court will now review the objection regarding the calculation of prejudgment interest.

---

[1] FEDCON also contends that, even if the equitable factors do not justify denying the Motion for Prejudgment Interest, "the same factors justify a proportional reduction in any award for prejudgment interest." Doc. 321 at 9. But this assertion that the Court should impose a "proportional reduction" in a prejudgment-interest award lacks legal support. As highlighted above, prejudgment interest under Florida law is simply an element of pecuniary damages. *Argonaut*, 474 So. 2d at 214. FEDCON's argument that failure to impose a "proportional reduction" will operate as a penalty to FEDCON also lacks legal support. Doc. 321 at 9. Relatedly, in the R&R, the Magistrate Judge rejects a penalty argument made by FEDCON, pointing out that the argument "is effectively a reiteration of FEDCON's second [equitable] consideration." Doc. 316 at 10 n.3. As such, the Court will overrule this objection, too.

### B.  Calculations of Prejudgment Interest

In opposing GLF's Motion for Prejudgment Interest, FEDCON argues that "GLF improperly re-calculated the interest rate quarterly, rather than annually as required." Doc. 278 at 15 n.5. In replying, GLF provides "a revised calculation using annual adjustments to the interest rate in the event the Court determines that FEDCON's position on the rate adjustment frequency is proper." Doc. 315 at 5 n.4. The R&R recommends that the Court award $825,730.32 in prejudgment interest to GLF, Doc. 316 at 11, which corresponds to the amount of prejudgment interest that GLF seeks on a quarterly basis in the Motion for Prejudgment Interest, Doc. 265 at 8.

Now, in objecting to the R&R, FEDCON argues that the Magistrate Judge errs in adopting GLF's calculations of prejudgment interest on a quarterly basis in contravention of Florida Statutes § 55.03. Doc. 321 at 7–8. In response, GLF concedes that the Court should adjust the interest rate on an annual basis, instead of a quarterly basis, in accordance with § 55.03. Doc. 324 at 12. GLF represents that it has provided revised calculations using annual adjustments to the interest rate in accordance with § 55.03, which reduces the amount of prejudgment interest from $825,730.32 to $819,542.63.[2] *Id.* These calculations are the same calculations included with GLF's reply. Doc. 315-1 at 1–5; Doc. 324-1 at 1–5.

---

[2] In arguing that the Court should impose a "proportional reduction" of any prejudgment-interest award, FEDCON cites $819,542.63 as the amount of prejudgment interest that the Court must reduce. Doc. 321 at 9. In referring to prejudgment interest, FEDCON cites to GLF's revised calculations and states that it "uses prejudgment interest properly calculated on an annual basis." *Id.* at 9 n.5.

"On December 1, March 1, June 1, and September 1 of each year, the Chief Financial Officer shall set the rate of interest that shall be payable on judgments or decrees for the calendar quarter beginning January 1 and adjust the rate quarterly on April 1, July 1, and October 1 by averaging the discount rate of the Federal Reserve Bank of New York for the preceding 12 months, then adding 400 basis points to the averaged federal discount rate." Fla. Stat. § 55.03(1). "The interest rate established by the Chief Financial Officer shall take effect on the first day of each following calendar quarter." *Id.* But "[t]he interest rate is established at the time a judgment is obtained and such interest rate shall be adjusted annually on January 1 of each year in accordance with the interest rate in effect on that date as set by the Chief Financial Officer until the judgment is paid . . . ." *Id.* § 55.03(3).

Given the statutory language, GLF's concession that the prejudgment interest calculations should be adjusted annually, and GLF's provision of revised calculations using annual adjustments, the Court will sustain FEDCON's objection to the Magistrate Judge's adoption of GLF's calculations of prejudgment interest on a quarterly basis.

### C. Liquidated Damages and Dates of Loss

FEDCON argues that the Magistrate Judge errs in concluding that GLF's damages were "sufficiently liquidated to warrant prejudgment interest" because the Order and Opinion shows that "the resolution of the amount due was not resolved until the Court issued its Order and Opinion resolving the conflicting evidence and interpretations." Doc. 321 at 10–11. FEDCON also argues that the Magistrate Judge

10

erroneously concludes that GLF establishes dates of loss because GLF provides only "snippets" of the Opinion and Order. *Id.* at 11–12. The Court will overrule these objections.

"[P]rejudgment interest is a matter of right under the prevailing 'loss theory' of recovery for pecuniary damages, i.e., damages for economic or tangible losses." *Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 43 (Fla. 2010). "Under the 'loss theory' . . . neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest . . . . Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor." *Argonaut*, 474 So. 2d at 215. "[F]or the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date." *Id.* at 214 (internal quotation marks omitted); *see Sterling Villages of Palm Beach Lakes Condo. Ass'n, Inc. v. Lacroze*, 255 So. 3d 870, 872 (Fla. 4th DCA 2018) ("'Once the [finder of fact] sets the amount of damages to be awarded, the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due.'").

In arguing that "the parties and the evidence disputed when damages accrued" and that the amount of damages was not resolved until the Opinion and Order resolved conflicting evidence and interpretations, FEDCON relies upon a pre-*Argonaut* line of cases. As the Fourth District Court of Appeal explained in a case following *Argonaut*, that case "settled the controversy" between two tests for determining whether

11

prejudgment interest may be awarded: the Florida Supreme Court approved the rule that a claim becomes liquidated, and susceptible of prejudgment interest, when a verdict has the effect of fixing damages as of an earlier date. *Hurley v. Slingerland*, 480 So. 2d 104, 107 (Fla. 4th DCA 1985). The Florida Supreme Court approved that test over another test, which stated that "a claim is unliquidated when the amount of damages cannot be computed except on conflicting evidence, inferences and interpretations." *Id.* (internal quotation marks omitted) (quoting *Town of Longboat Key v. Carl E. Widell & Son*, 362 So. 2d 719, 723 (Fla. 2d DCA 1978)).

As the Magistrate Judge found, and as discussed below, the Opinion and Order established a sufficiently ascertainable date of loss for the damages claims. As such, under *Argonaut* and its progeny, the Court may award prejudgment interest because the claims were liquidated. FEDCON's argument ignores *Argonaut* and fails to point to any portion of the Opinion and Order in support. Therefore, the Court will overrule this objection.[3]

Finally, FEDCON contends that the Magistrate Judge erroneously concludes that GLF has established dates of loss. In seeking prejudgment interest, GLF cites to

---

[3] For these reasons, FEDCON's argument that "nothing" in the Opinion and Order revealed the Court's "determination of a date certain for the losses prior to the entry of the Opinion and Order," even though the Court needed to resolve the "conflicting evidence" to determine which party breached the relevant Subcontract Agreement, also fails. Doc. 321 at 11. FEDCON's contention that not awarding prejudgment interest would be "consistent with the rationale for prejudgment interest" also ignores *Argonaut.* The purpose of a prejudgment-interest award is to "make the plaintiff whole from the date of the loss" once the factfinder "determines the defendant's liability for damages and their amount." *Capitol Env't Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 597 (Fla. 1st DCA 2009) (citing *Argonaut*, 474 So. 2d at 215).

the Opinion and Order to argue that the Court previously determined that: (1) the AZ sheet-pile materials were removed on September 25, 2014; (2) GLF's termination on the 2.2 Project occurred on May 27, 2016, which provided a date for GLF's access-road claim and improper-termination claim; (3) the damages for the multiple-material-handling claim spanned from April 26, 2015, through July 11, 2015; and (4) for the access-road claim on the 1.2a Project, GLF incurred damages through the completion of its work in October of 2016. Doc. 265-2 at 1–6; Doc. 315 at 4–5. The Magistrate Judge agrees with GLF's analysis. Doc. 316 at 8.

Citing only GLF's composite exhibit of prejudgment-interest calculations, FEDCON argues that GLF provides "snippets" of the Opinion and Order. Doc. 321 at 11–12. But, as emphasized, GLF cites to portions of the Opinion and Order in support. Further, in tersely concluding that GLF's "snippets" are "insufficient," FEDCON does not cite to any part of the Opinion and Order to show that GLF's selected dates are incorrect. FEDCON also vaguely asserts that GLF's dates "do not appear" to align with "FEDCON's denial of GLF's claims." *Id.* at 12. FEDCON fails to identify or provide evidentiary support for these "more appropriate dates of loss." *Id.* And FEDCON fails to explain why its only cited case, which held that a trial court should have granted an insured's request for prejudgment interest on a debt created by an insurance policy, under which benefits were payable immediately upon receipt of written proof of loss to the insured, without requiring proof that the insured had incurred any out-of-pocket expenses, supports FEDCON's position. *See Lumbermens*

13

*Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 389–90 (Fla. 1995). Therefore, the Court will overrule this objection, too.

## IV.    CONCLUSION

Based on the foregoing analysis, the Court will sustain FEDCON's objection as to the Magistrate Judge's adoption of GLF's prejudgment-interest calculations on a quarterly basis, but otherwise overrule FEDCON's objections. As such, the Court will direct the Clerk to enter an amended judgment that provides for an award of prejudgment interest to GLF in the amount of $819,542.63.

Accordingly, it is **ORDERED**:

1. The Objections of FEDCON Joint Venture, David Boland, Inc., and JT Construction Enterprises Corporation to Report and Recommendation of Plaintiff's Motion for Prejudgment Interest (Doc. 321) are **SUSTAINED-IN-PART** and **OVERRULED-IN-PART**.

2. The Court sustains FEDCON's objection to the Magistrate Judge's adoption of GLF's calculations of prejudgment interest on a quarterly basis. The Court overrules all other objections.

3. Except as to FEDCON's sustained objection, the Report and Recommendation entered by Magistrate Judge Amanda Arnold Sansone (Doc. 316) is **ADOPTED**, **CONFIRMED**, and **APPROVED** and is made a part of this order for all purposes, including appellate review.

4. GLF Construction Corporation's Motion for Prejudgment Interest (Doc. 265) is **GRANTED** to the extent that the Court awards $819,542.63 in prejudgment interest to GLF.

5. The Clerk is **DIRECTED** to enter an amended judgment in the same form as the Judgment in a Civil Case (Doc. 263), except that the amended judgment must also include an award of prejudgment interest in the amount of $819,542.63 to GLF Construction Corporation.

6. The Clerk is **DIRECTED** to enter a copy of the amended judgment in Case No. 8:17-cv-2650-CEH-TGW.

7. In accordance with the Eleventh Circuit's instructions on remand, the Clerk, following entry of the amended judgment, is **DIRECTED** to return the record, as supplemented, to the Eleventh Circuit for further proceedings.

**DONE AND ORDERED** in Tampa, Florida on May 10, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

15