# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA for the use and benefit of GLF CONSTRUCTION CORPORATION, a Florida profit corporation,

    Plaintiff,

v.

FEDCON JOINT VENTURE, a Florida joint venture, DAVID BOLAND, INC., a Florida profit corporation, JT CONSTRUCTION ENTERPRISES CORPORATION, and WESTERN SURETY COMPANY,

    Defendants.
_____

FEDCON JOINT VENTURE,

    Counter-Plaintiff,

v.

GLF CONSTRUCTION CORPORATION and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

    Counter-Defendants.
_____/

Case No: 8:17-cv-01932-CEH-AAS
Consolidated with:
Case No. 8:17-cv-02650-CEH-TGW

**O R D E R**

This cause comes before the Court upon the Unopposed Motion to Substitute Form of Bond, Amount of Bond, and to Keep Stay of Execution Pending Appeal in Place, filed by FEDCON Joint Venture, David Boland, Inc., and JT Construction Enterprises Corporation (collectively, "FEDCON") (Doc. 328). The Court will grant the Unopposed Motion.

## DISCUSSION

Following a thirteen-day bench trial, the Court issued an opinion and order outlining its findings of fact and conclusions of law (Doc. 262). The Clerk entered judgment in accordance with the Opinion and Order on January 29, 2021 (Doc. 263). FEDCON and GLF Construction Corporation appealed (Docs. 274, 283). FEDCON moved, without opposition, to stay the execution of the January 29, 2021 judgment and for the Court to approve a bond. Doc. 273 at 1–2. In that motion, FEDCON also "agree[d] that, should the Judgment entered on January 29, 2021, be increased or decreased as a result of post-trial applications by Plaintiff for pre-judgment interest . . . it will adjust the amount of the surety bond in an appropriate amount to reflect such modifications." Doc. 273 at 3. The Court granted that motion (Doc. 280).

After the Eleventh Circuit's limited remand (Doc. 312), the Court granted GLF's Motion for Prejudgment Interest to the extent that the Court awarded $819,542.63 in prejudgment interest to GLF. Doc. 325 at 14–15. As such, the Court directed the Clerk to enter an amended judgment that included the prejudgment

2

interest. *Id.* at 15. On the same day, the Clerk entered an amended judgment (Doc. 326).

FEDCON now moves to substitute the form and amount of the bond currently in place and to stay the execution of, or any proceedings to enforce, the Amended Judgment. Doc. 328 at 1–2. FEDCON "seeks permission to post a revised form of security against the Amended Judgment in the form of a cash bond, in order to avoid paying such additional premiums." *Id.* at 3. Per agreement of the parties, the total amount of the cash bond would be $4,046,026.76. *Id.* FEDCON asks the Court to approve the substitution of this cash bond in place of the current surety bond and to "keep the stay of enforcement of the Judgment entered on January 29, 2021 in place and applicable to the Amended Judgment" during the pendency of post-judgment motions, all appellate proceedings to the Eleventh Circuit, and any subsequent proceedings before the Court in the event of remand. *Id.* at 4, 7. GLF has agreed to the terms of the cash bond to include the amount of the judgment plus 24 months of interest at 3%. *Id.* at 5. GLF does not oppose FEDCON's requested relief. *Id.* at 7.

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). The Court has previously allowed the posting of a cash bond under Rule 62. *Stein v. Paradigm Mirasol, LLC*, No. 2:07-cv-71-JES-DNF, 2008 WL 11334551, at *2 (M.D. Fla. Mar. 4, 2008). Upon consideration, the Court will grant the Unopposed Motion.

Accordingly, it is **ORDERED**:

1. The Unopposed Motion to Substitute Form of Bond, Amount of Bond, and to Keep Stay of Execution Pending Appeal in Place (Doc. 328) is **GRANTED**.

2. Pursuant to the agreement of the parties, FEDCON shall substitute a cash bond in the amount of $4,046,026.76 to maintain the stay of execution.

3. Within **TEN (10) DAYS**, FEDCON must present to the Clerk of the Court funds (in the form of a cashier's check, certified check, or other appropriate negotiable instrument) to be deposited into the registry of the Court.

4. The existing surety bond, issued on March 1, 2021, will remain in place until the cash bond is deposited into the registry of the Court.

5. Once the cash bond is deposited into the registry of the Court, the surety bond shall be discharged.

6. The Clerk of the Court must maintain the funds until the expiration of FEDCON's appeal to the United States Court of Appeals for the Eleventh Circuit.

**DONE AND ORDERED** in Tampa, Florida on June 3, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any